JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | No. C 08 01030 JF<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT   AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Scottsdale Insurance Company ("Plaintiff") and defendant United States Postal Service (hereinafter the "Federal Defendant"), by and through its undersigned counsel, as follows:

1.   The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2.      The Federal Defendant agrees to pay the sum of $2,145.50 ("the settlement amount") to plaintiff under the terms and conditions set forth herein. .

3.      The plaintiff hereby agrees to accept the settlement amount, in full and final settlement and satisfaction of the claims raised in the above captioned action ("This Action") under the terms and conditions set forth herein.

4.      It is also agreed, by and among the parties, that the settlement amount represents the entire amount payable to plaintiff and its assigns and attorneys.

5.      It is also agreed, by and among the parties, that the settlement amount shall be made payable to Scottsdale Indemnity Co., and shall be mailed to its attorneys' business address: 505 14th Street, Suite 1210, Oakland, CA 94612.

6.      It is also agreed, by and among the parties, that neither plaintiff nor any of its attorneys may make any claim for attorney's fees or other costs against the Federal Defendant. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7.      It is also understood, by and among the parties, that pursuant to Title 28, United States Code, Section 2678, that if plaintiff incurred any attorney's fees for services rendered in connection with this action, said fees shall not exceed 25 percent of the amount of the compromise settlement.

8.      In consideration of the settlement amount as set forth above, the plaintiff agrees that it will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by

SETTLEMENT AGREEMENT

plaintiff's attorneys of the settlement amount.

9.  In consideration of the payment of the settlement amount as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen damages, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, and any other claim relating to the subject accident of February 10, 2007, or any and all claims that could have been asserted in the Complaint, including any and all subrogation claims for property damage. However, this does not include a claim for personal injury by the employee driver, who plaintiff does not represent, although plaintiff is informed and believes that the employee driver is not presenting any personal injury claim arising out of the subject accident.

10.  In consideration of the payment of the settlement amount as set forth above, the plaintiff further agrees that it may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future claim against the United States or its agencies and employees.

11.  The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542, and

SETTLEMENT AGREEMENT

C08 01030 JF

fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged damages and the liability of the Federal Defendant, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

12. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability it might be responsible for from any government agency.

15. Plaintiff has been informed that payment of the settlement amount may take 120 days or more to process.

16. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17. Each party acknowledges that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the

SETTLEMENT AGREEMENT
C08 01030 JF

parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18.     If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20.     The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21.     The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22.     This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: June ____, 2008          _____
                                Representative
                                Scottsdale Insurance Company
                                Plaintiff

Dated: June 9, 2008             _____
                                Paul Yee
                                Attorney for Plaintiff

parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: June 16, 2008    _____
                         Representative
                         Scottsdale ~~Insurance~~ Indemnity Company
                         ~~Plaintiff~~

Dated: June 9, 2008     _____
                         Paul Yee
                         Attorney for Plaintiff

SETTLEMENT AGREEMENT

C08 01030 JF

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 4, 2008         By:         /S/
                                JAMES A. SCHARF
                                Assistant United States Attorney
                                Attorney for the Federal Defendant
                                United States Postal Service

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**


Dated: _____          _____
                                Hon. Jeremy Fogel
                                United States District Court Judge


SETTLEMENT AGREEMENT                                    C08 01030 JF